IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


THOMAS BANKS                         :
                                     :
              Plaintiff,             :        Case No. 4:14-cv-02483
                                     :
      v.                             :
                                     :
MANPOWERGROUP, INC.                  :        (Judge Brann)
d/b/a EXPERIS US, INC.               :
                                     :
              Defendant.             :

## MEMORANDUM
July 10, 2015

Currently pending before the Court is Defendant ManpowerGroup, Inc. d/b/a Experis US, Inc.'s ("Experis") Motion to Dismiss Count III of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14).  This Court retains supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  Consequently, Pennsylvania substantive law applies to those claims.  E.g., United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Briefing has concluded and, for the reasons discussed below, Experis' Motion is denied.

## I. BACKGROUND

On December 30, 2014, Plaintiff Thomas Banks filed a Complaint against Experis.  (ECF No. 1).  On February 5, 2015, Mr. Banks amended his Complaint,

alleging violations of Section 16(b) of the Fair Labor Standards Act of 1938

("FLSA"), 29 U.S.C. §216(b); the Pennsylvania Minimum Wage Act ("PMWA")

43 P.S. §§ 333.101-333.115; and the Pennsylvania Wage Payment and Collection

Law, ("WPCL") 43 P.S. §§ 260.1-260.45.  (ECF No. 12).

Mr. Banks is an employee of Experis, and alleges that on numerous

occasions during his employment he worked in excess of forty hours per week

without receiving overtime pay as required by the FLSA, PMWA, and his contract

of employment.[1]  Id.  Mr. Banks alleges that he resides in Pennsylvania and

telecommuted to work fulltime from his home in Pennsylvania.  Id. at ¶¶ 2, 7.

When Experis hired Mr. Banks, the parties executed a contractual

Employment Agreement (the "Agreement"); the Agreement incorporates by

reference an Assignment Confirmation.[2]  Id. at ¶ 8; Ex. 1, 2.  The Assignment

Confirmation states that Mr. Banks "shall be paid $55.00 per hour, subject to

applicable withholdings . . . [and] [o]vertime will be paid if required in accordance

with applicable state or federal laws."  Id.  The Agreement further provides a

choice of law provision – this provision provides that the "Agreement shall be

subject to and governed by the laws of the State of Wisconsin irrespective of the

---

[1] This alleged contractual violation implicates the WPCL.  (ECF No. 12).
[2] Because the Amended Complaint includes the Agreement as an attachment, the Court may consider the Agreement in reaching a determination.  E.g., U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

choice of law rules in the state of execution of this Agreement or performance of employment."  (ECF No. 15, Ex. A, ¶ 17).

## II. LEGAL STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  However, "the tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations omitted).

A complaint should only be dismissed if, accepting as true all of the allegations in the amended complaint, the plaintiff has not pled enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 663-64. A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law."  Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III. DISCUSSION

Experis moves to dismiss Count III of the Amended Complaint which seeks compensation under the WPCL.  Experis does not dispute that Mr. Banks has pled sufficient facts to state a claim under the WPCL.[3]  (ECF No. 15).  Experis instead argues that a choice of law provision removes any claims from the ambit of the WPCL.  Id.  This presents the Court with the novel question of whether the choice of law provision may circumvent the WPCL, or whether, as applied to the WPCL, the provision is invalid.

Any analysis of the validity of a choice of law clause must begin with the presumption that such a contractual provision is enforceable.  E.g., McIlvaine Trucking, Inc. v. W.C.A.B. (States), 570 Pa. 662, 672 (2002).  Thus, "when the parties have freely agreed that litigation shall be conducted in another forum and where such agreement is not unreasonable at the time of litigation[,]" a choice of law clause generally should be enforced.  Cent. Contracting Co. v. C.E. Youngdahl & Co., 418 Pa. 122, 133 (1965).

Although "courts do not lightly override private contractual undertakings[,]" the Supreme Court of Pennsylvania has repeatedly declared that choice of law "agreements may be avoided where . . . their terms offend public policy as reflected, inter alia, in express legislative provisions[.]"  McIlvaine, 570 Pa. at 672

---

[3] In that regard, it is clear that Mr. Banks has pled sufficient facts to show that he is an employee as defined by the WPCL.  See, 43 P.S. § 260.2a.  Furthermore, the WPCL applies to any person or entity "employing any person" within Pennsylvania, and therefore Experis qualifies as an employer.  Id.  Thus, in the absence of a valid choice of law provision, the WPCL applies.

(citing <u>McLaughlin v. Gastrointestinal Specialists, Inc.</u>, 561 Pa. 307, 315-16 (2000); <u>Bell v. McAnulty</u>, 349 Pa. 384, 386 (1944)).  <u>See</u> also, <u>Warner Co. v. Unemployment Comp. Bd. of Review</u>, 396 Pa. 545, 554 (1959) ("Where a statute of the Commonwealth expresses a public policy designed to alleviate a condition of possible distress among the public or a segment thereof and *explicitly proscribes waiver of the benefits of the act*, no private agreement, however valid between the parties, can operate as such a waiver") (emphasis in original).

Thus, the Court must examine the legislative intent in passing the WPCL and the plain language employed in that statute.  The WPCL was "promulgated to afford additional means to 'an employee, labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages.'" <u>Laborers Combined Funds of W. Pa. v. Mattei</u>, 359 Pa. Super. 399, 402 (1986). Employers are required to "pay all wages . . . due to his employees on regular paydays designated in advance by the employer[,]" including overtime wages.  43 P.S. § 260.3.  Importantly, the WPCL provides that "[n]o provision of this act shall in any way be contravened or set aside by a private agreement."  <u>Id.</u> at § 260.7.

The Pennsylvania legislature's intent and purpose in passing the WPCL was, *inter alia*, "to provide an employee with a statutory remedy for an employer's *breach of its contractual obligation* to remit wages."  <u>Mattei</u>, 359 Pa. Super. at 403

(citing <u>Sendi v. NCR Comten, Inc.</u>, 619 F.Supp. 1577, 1579 (E.D. Pa. 1985))

(emphasis in original).  Moreover, Pennsylvania courts have concluded that:

> [t]he policy of the statute is to aid an employe[e] in the prompt collection of compensation due him and to discourage an employer from using a position of economic superiority as a lever to dissuade an employe[e] from promptly collecting his agreed compensation.

<u>Ressler v. Jones Motor Co.</u>, 337 Pa. Super. 602, 610-11 (1985) (quoting <u>Weingrad v. Fischer & Porter Co.</u>, 47 D. & C.2d 244 (C.C.P. Bucks Cnty. 1968)).

The legislature plainly evidenced a prohibition on individuals or entities contracting around the WPCL when it declared that "[n]o provision of this act shall in any way be contravened or set aside by a private agreement."  43 P.S. § 260.7. The legislature understood that, absent such language, employers would use their position of economic superiority to coerce employees into waiving their rights to receive the benefit of protections provided under Pennsylvania law.

In sum, the Pennsylvania legislature has enunciated a clear public policy "designed to alleviate a condition of possible distress" among workers, and has "explicitly proscribe[d] waiver of the benefits of the" WPCL.  <u>Warner Co</u>, 396 Pa. at 554.  This Court therefore concludes any choice of law clause intended to contractually waive the protections of the WPCL is prohibited.[4]  Consequently, the WPCL applies, and Experis' Motion is denied.

---

[4] Experis' reliance on <u>Tucci v. CP Kelco ApS</u> is misplaced.  No. CIV.A. 02-1765, 2002 WL 31261054 (E.D. Pa. Oct. 10, 2002).  In <u>Tucci</u>, the court dismissed a WPCL claim because: (1)

## IV. CONCLUSION

A review of the relevant statute and case law reveals that the choice of law provision agreed to by the parties does not prohibit Mr. Banks from pursuing relief under the WPCL.  Therefore, Experis' Motion to Dismiss Count III of the Amended Complaint is denied.

An appropriate Order will follow.


BY THE COURT:


/s Matthew W. Brann
Matthew W. Brann
United States District Judge

---

the defendant was located in Delaware; (2) the plaintiff primarily worked in Delaware and only rarely worked from his home in Pennsylvania; and (3) the parties executed a Delaware choice of law provision.  Id. at *5. However, the Court emphasized that the plaintiff had failed to establish that his employment was based in Pennsylvania.  Id.  In contrast, here Mr. Banks lives in Pennsylvania, works fulltime from his home in Pennsylvania via telecommuting, and pays Pennsylvania taxes.  Thus, these facts are highly distinguishable from those presented in Tucci. Mr. Banks' employment is based in Pennsylvania, and the WPCL applies here.